IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:20CV996 |
| DUKE UNIVERSITY, | : |
| Defendant. | : |

# BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff, JOHN DOE, through counsel, and pursuant to LR7.2 and LR7.3, files this brief in support of his Motion to Remand filed contemporaneously herewith.

## Statement of the Nature of the Matter Before the Court (LR7.2(a)(1) and Statement of the Facts (LR7.2(a)(2))

A. Introduction

Defendant Duke University [Duke] removed this case from Durham County Superior Court based solely on 28 U.S.C. § 1331, federal question jurisdiction. (ECF No. 1) That section reads, "The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws or treaties of the United States." Plaintiff will establish in this memorandum why Duke cannot meet its burden to show that removal is proper under this section and will demonstrate, though he need not do so, why Duke's claims that it does are incorrect, unsupported by any allegations in the plaintiff's complaint, or reasonable inferences from them, and otherwise fail to support removal.

Most importantly, plaintiff will show why none of plaintiff's claims require or permit ignoring the comity that federal courts show to the several states in allowing them to adjudicate non-federal matters. For these reasons, plaintiff asks this Court to remand his case to Durham County Superior Court and award him his attorney fees in seeking remand.

B. <u>Procedural History</u>

Plaintiff is a student at Duke and this case arose out of a student disciplinary proceeding administered by Duke. Plaintiff filed his complaint against Duke in Durham County Superior Court on October 7, 2020. (ECF No. 3) His complaint alleged violations of his rights under his contractual relationship with Duke, common law negligence, and North Carolina common law regarding fundamental fairness and due process. (ECF No. 3) He alleged no violation of Title IX or any other federal law – statutory or constitutional.

In Superior Court, plaintiff sought and received a Temporary Restraining Order preventing Duke from imposing any disciplinary sanctions against him. Duke accepted service of the Summons, Complaint and Temporary Restraining Order on October 8, 2020. A preliminary injunction hearing was initially scheduled in Superior Court for October 16, 2020. Duke moved for a continuance of said hearing until November 4, 2020. Plaintiff consented to the continuance and the hearing was continued until November 4, 2020. On October 19, 2020, plaintiff served Duke with three subpoenas for the hearing requesting documents and the presence of witnesses. On October 28, 2020, Duke responded and filed objections to plaintiff's subpoenas. On October 29, 2020,

plaintiff served Duke with an affidavit of Brett Sokolow, an expert on university and college disciplinary processes, which plaintiff intended to introduce into evidence at the preliminary injunction hearing. Then, two days before the hearing, on November 2, 2020, Duke removed the case to this Court. (ECF No. 1)

## Question Presented (LR7.2(a)(3))

> Is removal to federal court proper under 28 U.S.C. § 1331 where all of plaintiff's claims are state common-law claims that require no substantial interpretation or application of federal law?

## Argument (LR7.2(a)(4))

Whether an action has been properly removed or should be remanded is a pure question of law for the court. *See*, *Mulcahey v. Columbia Organic Chemicals Co*., 29 F.3d 148, 151 (4th Cir. 1994). "Federal courts 'construe removal statutes narrowly,' and any 'doubts concerning removal ... [are] resolved in favor of state court jurisdiction.' *Barbour v. Int'l Union*, 640 F.3d 599, 613 (4th Cir. 2011) (*en banc*). The party who removed the action must establish federal subject-matter jurisdiction. *See*, *Hoschar v. Appalachian Power Co*., 739 F.3d 163, 169 (4th Cir. 2014)[.]" *Nucar Connection, Inc. v. Howell*, No. 5:16-CV-870-D, 2017 WL 1013067 (E.D.N.C. March 14, 2017) (unpublished opinion, attached hereto pursuant to LR7.2(c) as Attachment 1). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand is necessary. *In re Business*

*Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.,* 758 F. Supp. 1098, 1102 (D.S.C. 1990).

The availability of federal question jurisdiction is determined by the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule states that federal question jurisdiction may be found "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, ... to have the cause heard in state court.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) citing *Caterpillar Inc., supra,* at 398–399. Courts have "frequently held that a plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court." *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir. 1981). *See also*, *La Chemise LaCoste v. Alligator Co*., 506 F.2d 339 (3d Cir. 1974), cert. denied, 421 U.S. 937 (1975); *Brough v. United Steelworkers of America*, 437 F.2d 748 (1st Cir. 1971); *Peterson v. Brotherhood of Locomotive Firemen and Enginemen*, 272 F.2d 115 (7th Cir. 1959); *Connecticut v. Levi Strauss & Co*., 471 F. Supp. 363 (D. Conn. 1979).

Albeit an unpublished opinion, the Honorable James C. Dever, III, relying on Supreme Court and Fourth Circuit precedent, aptly described the well-pleaded complaint rule and its application:

> Under the well-pleaded-complaint rule, federal-question jurisdiction under 28 U.S.C. § 1331 exists only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."

> *Holmes Grp., Inc.,* 535 U.S. at 831 (emphasis removed) (quotation omitted). There must be a "substantial, disputed question of federal law that is a necessary element of any of the well-pleaded state claims." *Pinney v. Nokia, Inc.,* 402 F.3d 430, 445 (4th Cir. 2005) (alterations omitted) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *see Treacy v. Newdunn Assocs., LLP,* 344 F.3d 407, 410–11 (4th Cir. 2003). "For a federal issue to be both a necessary and disputed element, the vindication of a right under state law must necessarily turn on some construction of federal law." *Treacy,* 344 F.3d at 411 (alterations omitted) (emphasis removed) (quotation omitted). Accordingly, in determining whether a plaintiff's complaint presents a federal question, the court considers "only whether a disputed question of federal law is an essential element of one of the well-pleaded state claims." *Pinney,* 402 F.3d at 445.

*Int'l Legware Grp., Inc. v. Americal Corp.,* No. 5:10-CV-153-D, 2010 WL 3603784, *2 (E.D.N.C. Sept. 8, 2010)(unpublished opinion, attached hereto as Attachment 2).

Whether a case falls within federal subject matter jurisdiction is a pure question of law for the court. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The party seeking removal bears the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).

Removal jurisdiction raises significant federalism concerns, so federal courts must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Removal is heavily disfavored due to federalism concerns. *See, In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006), cert. denied, 549 U.S. 1260 (2007). If federal jurisdiction is doubtful, a remand is necessary. *See*, *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

Duke's Notice of Removal acknowledges that plaintiff's complaint "lists three causes of action: 1) Failure to provide Plaintiff with Common Law Fundamental Fairness

and Due Process, 2) Breach of Contract, and 3) Negligence." ECF No. 1, p. 2, ¶4. However, the Notice says in its next paragraph: "It has become clear that Plaintiff's claims necessarily raise substantial federal questions as Plaintiff's claims for [common law] 'fundamental fairness and due process' and 'negligence' relate to how the disciplinary process was conducted, and are based in large part upon Plaintiff's alleged rights under Title IX of the Higher Education Act, 20 U.S.C. §§ 1681-1688 ("Title IX")." ECF No. 1, p. 2, ¶5. The bracketed words which were omitted from Duke's petition are a significant omission both because they are part of the actual title of plaintiff's cause of action and because they demonstrate that plaintiff does not base his claim in federal law.

Nowhere in its Notice does Duke share with the court or plaintiff why it believes plaintiff's claim is based largely on Title IX. Certainly, nothing on the face of plaintiff's complaint supports Duke's contention. A word search of plaintiff's complaint finds just three mentions of Title IX:

- In paragraph 19, part of the section on factual allegations, plaintiff alleged, "Victoria Krebs is Associate Dean of Students, Title IX Outreach and Response Coordinator, and at all times alleged herein was an agent of Duke." ECF No. 3, ¶19.

- The first sentence of paragraph 80, within the breach of contract claim, alleges, "This is not the role laid out for the Title IX Coordinator in the Sexual Misconduct Policy." ECF No. 3, ¶80.

- The second sentence of paragraph 80, also within the breach of contract claim, referring to Duke's Sexual Misconduct Policy, alleges, "In the policy, the Title IX Coordinator exists as a neutral gatekeeper who provides information to both parties, determines if complaints meet the evidentiary threshold to proceed to a hearing, and makes decisions on what evidence is relevant to include in the investigation submitted to a hearing panel." ECF No. 3, ¶80.

All three mentions have a common connection because they refer to Dean Krebs in her role or duties as "Title IX Coordinator" under Duke's Sexual Misconduct Policy, but not to any requirement of Title IX itself. Specifically, paragraph 19 is a classic allegation of agency required to support a common law claim of *respondeat superior*. The mentions of Title IX in paragraph 80 are in the allegations within the breach of contract claim. Duke never specifically alleges that the contract claim involves a federal question but says, instead, referring to that common law claim, "to the extent it does not arise under the Constitution, laws or treaties of the United States, [it] forms part of the same case or controversy as Plaintiff's federal claims and thus this court has supplemental jurisdiction…." So, even Duke recognizes, at least implicitly, that Title IX is not implicated in plaintiff's contract claim because keeping it in federal court would require the invocation of supplemental, not federal question, jurisdiction.

As to the common law fundamental fairness and due process claim and the negligence claim, Duke does claim they involve substantial federal questions. First, Duke asserts those claims "relate to how the disciplinary process was conducted, and are based in large part upon Plaintiff's alleged rights under Title IX[.]" ECF No. 1, p. 2, ¶6. Duke also asserts that Plaintiff asserted procedural violations by Dean Krebs in his administrative appeal which "necessarily raise issues of compliance with Title IX." ECF No. 1, p. 3, ¶6. The latter of these claims misapprehends the issue before the court. Plaintiff respectfully suggests this court consider the plaintiff's complaint when determining if it raises a substantial federal question rather than scrutinizing what was claimed in an administrative process. The well-pleaded complaint rule states that "only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint" is federal question jurisdiction proper. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Instead of searching the record of an administrative proceeding for claims made there, plaintiff invites a close reading of his complaint for what it claims. Such a reading will find no allegations that his rights under Title IX were violated. Plaintiff's allegations of procedural violations all relate to his rights under Duke's own Sexual Misconduct Policy. And, while Duke may have considered Title IX while drafting that policy, no allegation suggests that the policy was drafted in violation of Title IX. So, what Title IX requires is not a subject of plaintiff's claims of procedural failings by Duke under its own policy and will not be a question in this case.

Duke also asserts that two developments since the filing of the complaint, an affidavit filed in Superior Court from plaintiff's expert, and a subpoena duces tecum plaintiff served in Superior Court "necessarily raise the question of whether Duke University had to apply the new Title IX regulations in the disciplinary process applied to him." ECF No. 1, p. 3, ¶8.

> I. PLAINTIFF'S COMPLAINT DOES NOT RELY ON FEDERAL LAW OR RAISE ANY SUBSTANTIAL FEDERAL ISSUE.

Title IX of the Higher Education Act, 20 U.S.C. §§ 1681-1688, appears to be the only federal law suggested to be involved in plaintiff's complaint by Duke's removal petition.

A. Plaintiff's Contract Claim is a North Carolina Common Law Claim and Does Not Rely On or Involve Title IX.

The elements of plaintiff's contract claim are the familiar "(1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). Part of that contract, as alleged in plaintiff's complaint, were the terms of Duke's Sexual Misconduct Policy to which both Duke and plaintiff were bound by agreement. The complaint's allegations in paragraph 80 (ECF No. 3) are that Dean Krebs, an agent of Duke, failed to comply with her obligations under the Sexual Misconduct Policy -- not Title IX. Instead, those allegations provide factual support for plaintiff's claim that Duke breached its own policy, not Title IX, a policy it had a contractual obligation to observe. That claim, far from being founded on a Constitution, statute or treaty, faults Duke for (1) not dealing fairly with plaintiff and (2) violating the contract's implied terms of good faith and fair dealing -- both matters of North Carolina common law. *See*, *Bicycle Transit Auth. v. Bell*, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985).

Since plaintiff's contract claim (or any other) is not based upon federal law, Duke next seeks to justify removal because "plaintiff's claims necessarily raise substantial federal questions." ECF No. 1, p. 2, ¶5. If federal law does not create the cause of action, then federal jurisdiction is only appropriate if the court determines that the "plaintiff's right to relief … depend[s] on the resolution of a substantial question of federal law." *Venezuela v. Massimo Zanetti Beverage USA, Inc.*, 525 F. Supp. 2d 781,

784-85 (E.D. Va. 2007). As will be seen, Duke fails to meet its burden of establishing that any of plaintiff's claims depend on resolution of a substantial question of federal law.

The fact that the underlying student disciplinary matter in this case arose from a sexual misconduct case does not mean that Title IX is the basis of the complaint. True, part of Title IX governs aspects of how schools deal with sexual assault allegations. But here, the contract rights come not from Title IX, but from Duke's own Sexual Misconduct Policy, a document that plaintiff alleges Duke and the student agree to abide by. So, Title IX is no more implicated here than it would be if Duke violated its contractual obligation to follow its disciplinary code in an underage drinking or plagiarism case. In neither case would a state court be required to interpret or even examine federal law. And it need not do so here.

B. Plaintiff's Tort Law Claim is a North Carolina Common Law Claim

Far from relying on or requiring interpretation of federal law, plaintiff respectfully suggests his negligence claim is so clearly grounded in North Carolina, not federal law, that were this court to hear the case, North Carolina's negligence law would be used by the court to decide the case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under North Carolina law, where, as here, Duke acted, it had an obligation to do so with reasonable care under the circumstances. *See*, *Davidson v. Univ. of N. Carolina at Chapel Hill*, 142 N.C. App. 544, 543 S.E.2d 920 (2001) (holding that university owed a duty of care to a student because a special relationship existed). Plaintiff alleges it did not. Duke claims this negligence claim "relates to how the disciplinary process was conducted…." ECF No. 1, p. 2, ¶5. In part this is true in so far as Duke's handling of its own process

under its own Sexual Misconduct Policy failed to take reasonable care to protect the plaintiff's rights and safety. But Duke goes on to offer the unsupported conclusion that the negligence claim "is based in large part on Plaintiff's alleged rights under Title IX…." *Id.* Duke might have some basis for its contention if plaintiff claimed a violation of Title IX could give rise to private right of action against Duke, or if he claimed a violation of Title IX could constitute negligence *per se*, or had plaintiff otherwise invoked Title IX as support for his negligence claim. But, as the complaint shows, none of that is pleaded here. Instead, plaintiff has a garden variety state common law negligence claim which, if it grows to fruition, will have had not even the slightest bit of Title IX fertilizer.

> C. Plaintiff's Fundamental Fairness and Due Process Claim is a North Carolina Common Law Claim and Does Not Involve Title IX or the Federal Constitution

The first claim for relief in the Complaint is a common law claim for Duke's failure to abide by its obligation to provide a fundamentally fair disciplinary process. ECF No. 3, p. 7. North Carolina's appellate courts have not yet defined what process is due by private universities in student disciplinary proceedings; however, it is clear throughout the country that as a private actor, there is no state action and no constitutional guarantees in the disciplinary process. *See*, Common Law Rights For Private University Students: Beyond the State Action Principle, 84 Yale L.J. 120, 121 (1974)("Constitutional protection against arbitrary expulsion or suspension…extends only to those actions attributable to the state and is therefore unavailable to students at private universities."). The plaintiff has not alleged (nor could he) that Duke's

disciplinary process violated the Fourteenth Amendment. Instead, the plaintiff relies on common law claims that Duke failed to provide adequate due process in that its actions were arbitrary and capricious, and were fundamentally unfair. ECF No. 3, ¶¶53, 57-69.

Other states have applied principles of breach of contract (discussed above) and "the common-law right of a member of an association not to be dismissed or otherwise disciplined without substantial adherence to that association's rules." *Schaer v. Brandeis Univ.*, 48 Mass. App. Ct. 23, 27-28, 716 N.E.2d 1055, 1061 (1999), *aff'd in part, rev'd in part,* 432 Mass. 474, 735 N.E.2d 373 (2000). Clearly, private universities cannot act arbitrarily or capriciously in the application of its disciplinary rules. *Rollins v. Cardinal Stritch Univ.*, 626 N.W.2d 464, 470 (Minn. Ct. App. 2001); *Babcock v. Baptist Theological Seminary*, 554 So.2d 90, 97 (La.App. 4th Cir. 1989); *Tedeschi v. Wagner College*, 404 N.E.2d 1302 (N.Y. 1980); *Coveney v. President & Trustees of Holy Cross College*, 445 N.E.2d 136 (Mass. 1983); *Doe v. Brandeis Univ*. 177 F. Supp.3d 561 (D. Mass 2016). Some states have held that the private university process does not afford the student "the full panoply of due process rights," *Kickertz v. New York Univ.*, 29 N.E.3d 893, 895 (N.Y. 2015), but others have gone so far as to require that "the common law requirements for a fair hearing at a private college 'mirror the due process protections at public universities.'" *Doe v. Westmont Coll.*, 34 Cal. App. 5th 622, 634, 246 Cal. Rptrr. 3d 369, 378 (2019), reh'g denied (May 17, 2019). These are the rights the plaintiff is seeking to vindicate in this suit. Regardless of the exact standards the North Carolina courts choose to employ in student disciplinary hearings by private institutions, and most importantly for this removal issue, the common law "fundamental fairness" claim is

grounded solely in state common law, not federal constitutional law or application or interpretation of Title IX.

Defendant offers only broad conclusory language about how the plaintiff's claims for denial of fundamental fairness and due process and ordinary negligence are "based in large part" on Title IX. They provide nary an example of how that could happen. Logically, if that law loomed so large in support of plaintiff's allegations, how could his counsel have failed to mention it even once in either claim? While Duke is correct that plaintiff has serious common law complaints of denial of due process and fundamental fairness regarding the application of Duke's Sexual Misconduct Policy to him, not a single one of his factual allegations depends on *any* question of interpretation of Title IX – substantial or otherwise.

## II. DUKE'S CLAIMS RELYING ON MATTERS OUTSIDE THE COMPLAINT ARE NOT MATERIAL TO THE REMAND ISSUE.

In its Notice of Removal, Duke asserts "Plaintiff's Complaint alleges that he raised serious concerns about Dean Krebs' role in this process, his inability to question her because he did not receive her notes, as well as other procedural errors." ECF No. 1, p. 2, ¶6. That much is true. But, in a *non sequitur*, the second sentence, now talking about plaintiff's administrative appeal of the result of the disciplinary process and not his complaint in Superior Court, says "The errors asserted by plaintiff in his appeal necessarily raise issues of compliance with Title IX." ECF No. 1, p. 3, ¶6.

Plaintiff's administrative appeal is not the document on which this court makes it remand decision. That document is limited to the well-pled complaint. *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386 (1987). Even if plaintiff's administrative appeal raised issues of compliance with Title IX, those issues are not raised in the complaint before this court whose claims sound in common law, and rely not once on lack of compliance with any federal law or require any interpretation of Title IX.

Similarly, paragraph 7 of Duke's Notice of Removal claims that in plaintiff's "internal papers and at the appeal hearing plaintiff asserted that the disciplinary hearing should have been conducted under new Title IX regulations…." (ECF No. 1, p. 3, ¶7) It also references the result of the appellate panel's review of the decision by his hearing panel which plaintiff attached to his complaint since that review found that the new Title IX regulations did not apply to plaintiff's hearing held before they went into effect.

The parties agree that plaintiff's administrative hearing was held on August 6, 2020 and those new Title IX regulations did not go into effect until August 14, 2020. So, there is no question, federal or otherwise, that they were not in effect when plaintiff had his hearing, and plaintiff will stipulate to that. His willingness to do so comes from the fact he has never asserted in his suit against Duke, given that the hearing occurred on August 6, 2020, that Duke failed to apply the correct Title IX regulations.

Thus, in the case currently before this court, the issue is not if the new Title IX guidelines should have been applied. Rather the issue is whether Dean Krebs believed that they might apply. Dean Krebs, who as the complaint alleged was a witness and evidentiary gatekeeper of the administrative hearing, was also the person in charge of scheduling plaintiff's hearing. Plaintiff had requested a continuance of his hearing that would have caused the hearing to be held after August 14, 2020, when the new Title IX

guidelines became effective. Instead, Dean Krebs gave only a single day extension to August 6, 2020. Did Dean Krebs believe when she made her decision that the new rules might apply if the hearing was held on or after August 14th? If she did, whether that belief was correct or not, her decision on the continuance was a consequential decision for her if she also believed the new rules allowed her to be cross-examined by plaintiff's lawyer during the hearing about her purported notes, statements she claims plaintiff made in the presence of his attorney effectively admitting responsibility, and other matters relating to her credibility and fairness, all as alleged in plaintiff's complaint before the court.

The rules in effect when Dean Krebs granted the one-day continuance only permitted questioning of witnesses by hearing panel members. The rules that were scheduled to go in effect eight days later allowed accused students (or their legal counsel) to cross-examine witnesses. So, if Dean Krebs denied the continuance to protect herself from cross-examination about the matters raised in the plaintiff's complaint, that decision standing alone could be a breach by a Duke employee of the common law implied contract obligation of good faith and fair dealing. It also could be evidence of a violation of the common law right to fundamental fairness and due process. Not a bit of this involves any interpretation of Title IX because what matters is only what Dean Krebs thought the rules allowed and not what they actually allowed. Thus, the issue involves no interpretation of Title IX, only a determination as to what Dean Krebs knew, or believed was true or possible, about the new regulations.

Duke also points to plaintiff's subpoena of Dean Jenna McCullers to produce for the preliminary injunction hearing "all written communication concerning the

application, potential application, or non-application of the new regulations handed down by the Office of Civil rights to sexual misconduct cases heard after August 14, 2020." The defendant asserts this reference suggests that any relief sought by the plaintiff under his state law claims is substantially grounded in federal law. Plaintiff is surprised by this argument because Duke objected to the subpoena on the grounds that the documents sought were "not related to any claim brought by the plaintiff" in this action. *See* Attachment 3, p. 2.

As discussed earlier, any document other than plaintiff's complaint is generally not considered by courts considering whether the party seeking to avoid remand for lack of a federal question has met its burden. *See*, *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). But even if this court were to consider the subpoena, it was merely plaintiff's attempt to obtain documents that might support plaintiff's allegations about Dean Krebs' knowledge or state of mind as to whether Duke was considering or planned to apply the new Title IX guidelines to all hearings held after August 14, 2020, and what they meant.

Finally, the defendant also raises the affidavit of plaintiff's expert Brett Sokolow. ECF No. 1, p. 4, ¶9. This affidavit was provided to Duke by the plaintiff before the preliminary injunction hearing. It is neither a part of plaintiff's complaint nor has it ever been submitted into evidence. As such, it is improper to be considered in deciding whether Duke has met its heavy burden to prevent a remand.

Duke claims this never-used affidavit is evidence that plaintiff's right to relief depends on interpreting federal law questions. They cite Mr. Sokolow's experience with Title IX as evidence that plaintiff's claims will somehow depend on that federal law.

While Mr. Sokolow is undoubtedly an expert in Title IX matters, the plaintiff is not bringing a Title IX claim or offering him as an expert on any Title IX issue. Mr. Sokolow has helped to create codes of conduct and disciplinary policies for many universities. He is an expert in both their creation and interpretation. Plaintiff had considered offering him as an expert to explain how Duke's Sexual Misconduct policy was designed and how it had been misapplied in plaintiff's hearing process. To the extent his affidavit goes beyond that, it was not at plaintiff's request and does not support any claim brought by plaintiff.

### III. DUKE SHOULD BE REQUIRED TO PAY PLAINTIFF'S ATTORNEY FEES AND COSTS.

The plaintiff's motion to remand asks that the court award attorney fees and costs in this matter under 28 U.S.C. § 1447(c). Though plaintiff seeks remand, he requests that the court retain jurisdiction over this matter to the extent necessary to determine the fees and costs plaintiff incurred in defending against removal. *North Carolina ex rel. Stein v. Eonsmoke, LLC*, 423 F. Supp. 3d 162, 171 (M.D.N.C. 2019). The court in its discretion may award costs and fees when the defendant's removal motion is not "objectively reasonable." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* at 140). There is no objectively reasonable basis for removal when, as here, "a cursory examination of the complaint 'alleging exclusively state [-] law claims for relief' would have revealed a lack of federal jurisdiction," *Cty. of Moore v. Acres*, 447 F. Supp. 3d 453, 461 (M.D.N.C. 2020) citing

*Int'l Legware Grp., Inc. v. Americal Corp.,* No. 5:10-CV-153-D, 2010 WL 3603784, at *4 (E.D.N.C. Sept. 8, 2010).

An award of fees is important as a deterrent. Duke filed its Notice of Removal, just two days before a preliminary injunction hearing, already once continued at Duke's request. That alone is circumstantial evidence that delay was a reason for the filing. But an even more important reason for awarding fees is that Duke has forced plaintiff, in defending against removal, to reveal important arguments and strategic and tactical matters probably protected. The risk of failing to reimburse plaintiff is that others will see what has happened here and follow Duke's trail to federal courts.

## **Conclusion**

In order for this case to remain in federal court, the well-pleaded complaint rule requires that the plaintiff's claims be based in federal law or that his right to relief depend on substantial questions of federal law. The plaintiff's claims are all *entirely* based on state law. While the underlying administrative proceeding pertained to an allegation of sexual misconduct, plaintiff has not made a Title IX claim or relied on any interpretation of that law to support his claim. To the contrary, he has given it a wide berth. Plaintiff does not claim that the result in his hearing was the result of gender bias. Rather his claims sound in the North Carolina common law of contract, negligence, fundamental fairness and due process. Neither the subpoena for the preliminary injunction hearing nor an unfiled expert affidavit provide competent evidence to the contrary. For these reasons, plaintiff respectfully urges the court to remand this case to Durham County Superior Court where it was filed and to award plaintiff his attorney fees and costs.

Respectfully submitted, this the 2nd day of December, 2020.

THOMAS, FERGUSON & BESKIND, L.L.P.

BY: /s/ Jay H. Ferguson
Attorney for Plaintiff
N.C. State Bar # 16624
119 East Main Street
Durham, NC 27701
Telephone: (919) 682-5648
Email: ferguson@tfblawyers.com

CERTIFICATE OF COMPLIANCE

Pursuant to LR7.3(d)(1), the undersigned certifies that the word count for this brief is less than 6250 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of the word-processing system used to prepare the brief.

This the 2nd day of December, 2020.

/s/ Jay H. Ferguson
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN DOE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:20CV996 |
| | : | |
| DUKE UNIVERSITY, | : | |
|     Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, I electronically filed the foregoing with the Clerk of Court using the CM-ECF system which will send notification of said filing to counsel for defendant:

    Dan M. Hartzog
    Dan M. Hartzog, Jr.
    Michael B. Cohen

    THOMAS, FERGUSON & BESKIND, L.L.P.

    BY:  /s/ Jay H. Ferguson
           Attorney for Plaintiff
           N.C. State Bar # 16624
           119 East Main Street
           Durham, NC 27701
           Telephone: (919) 682-5648
           Email: ferguson@tfblawyers.com