IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,                           :
                                    :
                    Plaintiff,      :
                                    :
          v.                        :        Civil Action No. 1:20CV996
                                    :
DUKE UNIVERSITY,                    :
                                    :
                    Defendant.      :

## REPLY BRIEF TO DEFENDANT'S RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND

Plaintiff, JOHN DOE, through counsel, and pursuant to and LR7.3(h), files this reply brief in support of his Motion to Remand (Doc. #14).

In its response, Defendant correctly states the issue and law before the Court on plaintiff's motion to remand: "Whether the claim 'arises under' federal law for removal purposes is determined by the 'well-pleaded complaint' rule which also determines original federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)." (Doc #16, p. 8) The defendant goes further to argue that the "artful pleading doctrine" should be used to permit federal review of plaintiff's claims. However, this Court needs to look no further than the United States Supreme Court's decision in *Merrell Dow Pharmaceuticals, Inc.* to resolve this issue.

In *Merrell Dow Pharmaceuticals, Inc.*, the plaintiffs brought a state court action alleging birth defects from mothers' ingestion of Bendectin during pregnancy. The

complaints alleged "common-law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence." 478 U.S. at 805. An additional count alleged negligence because the drug's labeling didn't provide adequate warning of its potential dangerousness in violation of the Federal Food, Drug and Cosmetic Act (FDCA). *Id.* The plaintiffs pled that this constituted a rebuttable presumption of negligence for violation of these federal safety statutes. *Id.* at 806. There was no claim brought directly under the FDCA as it provides no civil remedy; however, the plaintiffs were relying on the violation of the FDCA to support its negligence claim. *Id.* at 807. The Court concluded that under these circumstances, even though the FDCA was being used to support a common-law negligence claim, since there was no federal cause of action for the violation being alleged, remand was proper to the state court. *Id.* at 817.

If the plaintiff herein alleged his common-law negligence claim was based upon a violation of Title IX, then *Merrell Dow Pharmaceuticals, Inc.* would control and remand to state court would be proper. However, in the instant case, the interplay between Title IX and the state claims alleged in plaintiff's complaint is even more tenuous. The plaintiff does not allege any violation of Title IX and seeks no remedy under Title IX. All of plaintiff's claims are based upon state law – just as in *Merrell Dow Pharmaceuticals, Inc.* – and the result should be the same, with this case being remanded to Durham County Superior Court.

Finally, Duke's reliance on the "artful pleading doctrine" to support its claim for removal is misplaced. "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of Louisiana*,

522 U.S. 470, 475 (1998). "Although occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, …most of them *correctly confine this practice to areas of the law pre-empted by federal substantive law.*" (internal quotes omitted, emphasis added). *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 397, fn. 11 (1987). Duke has not alleged in its Answer (Doc. #12), nor could it, that Title IX preempts North Carolina law with respect to plaintiff's claims for relief herein. The absence of any allegations in the Complaint pertaining to Title IX is not due to artful pleading, but rather, plaintiff's claims are substantively state law matters.

## Conclusion

Plaintiff's claims are all entirely based on state law and the plaintiff respectfully urges the court to remand this case to Durham County Superior Court where it was filed, and to award plaintiff his attorneys' fees and costs.

Respectfully submitted, this the 5th day of January, 2021.

THOMAS, FERGUSON & BESKIND, L.L.P.

BY:   /s/ Jay H. Ferguson
         Attorney for Plaintiff
         N.C. State Bar # 16624
         119 East Main Street
         Durham, NC 27701
         Telephone: (919) 682-5648
         Email: ferguson@tfblawyers.com

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JOHN DOE,                              :
          Plaintiff,          :
                            :
          v.                   :          Civil Action No. 1:20CV996
                            :
DUKE UNIVERSITY,                       :
          Defendant.           :


## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2021, I electronically filed the foregoing with the

Clerk of Court using the CM-ECF system which will send notification of said filing to

counsel for defendant:

Dan M. Hartzog
Dan M. Hartzog, Jr.
Michael B. Cohen


THOMAS, FERGUSON & BESKIND, L.L.P.

BY:   /s/ Jay H. Ferguson
        Attorney for Plaintiff
        N.C. State Bar # 16624
        119 East Main Street
        Durham, NC 27701
        Telephone: (919) 682-5648
        Email: ferguson@tfblawyers.com