IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:20-cv-996

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) **JOINT 26(F) REPORT AND DISCOVERY PLAN** |
| DUKE UNIVERSITY, | ) |
| Defendant. | ) |

## I. Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone and the parties confirmed and agreed on January 21, 2021 upon the following Joint Rule 26(f) Report and Discovery Plan.

Participating in the Rule 26(f) conference were:

For Plaintiff:
Emilia I. Beskind
Jay H. Ferguson
Thomas, Ferguson, & Beskind, LLP
119 East Main Street
Durham, NC 27701

For Defendant:
Dan Hartzog, Jr.
Hartzog Law Group, LLP
1903 N. Harrison Ave., Ste. 200
Cary, NC 27513

1

## II. Initial Disclosures

The parties will make initial disclosures required by Rule 26(a) by March 1, 2021.

## III. Joint Report and Plan

Discovery will be needed on all aspects of the case, including the allegations raised by Plaintiff and the defenses proffered by Defendants. There is no need for discovery to be conducted in phases or limited to particular issues.

Defendant proposes the following categories of discovery with limitations, if any:

(1) Interrogatories: maximum of 25, including discrete subparts, by each party to any other party.

(2) Request for Production of Documents: maximum of 25, including subparts, by each party to any other party.

(3) Requests for Admission: maximum of 25, including subparts, by each party to any other party.

(4) Depositions: maximum of 7 fact witness depositions to be conducted by each party, not to include depositions of a party, unless additional depositions are agreed to by the parties or allowed by leave of court. Each party may be deposed once. All depositions are limited to a maximum length of 7 hours, unless extended by the agreement of the parties or leave of court.

All written discovery must be commenced in time to be concluded and responded to by the end of the discovery period. If a party in good faith believes that additional

2

1839406 v1

discovery requests are required, they may petition this court for leave to propound additional discovery requests.

A. **Electronic Discovery**

The parties do not anticipate the need for extensive discovery of data or information that is stored in an electronic format. To the extent that information or data is stored electronically, the party from whom the data is requested will not be obligated to produce such information or data if it is not reasonably accessible because it would result in undue burden or cost to the party. In such circumstances, the party asserting that data is not reasonably accessible shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data. If the electronically stored information sought is not readily obtainable or its production would be unduly burdensome or result in significant expense, the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery. Should any sources of electronically stored evidence be identified in this action, the parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

An inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver

3

or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. Upon request, any such mistakenly-produced documents shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

### B. Additional Proposed Deadlines

(1) Disclosure of expert witnesses:

By the Plaintiff: May 1, 2021

By the Defendant: June 1, 2021

(2) Joining Additional Parties:

All parties must be joined on or before April 1, 2021.

(3) Amending the Pleadings:

The parties agree that Motions to Amend shall be governed by Rule 15 of the Federal Rules of Civil Procedure and filed by April 1, 2021. After that date, the Court will consider whether the granting of leave would delay trial.

(4) The parties agree that all discovery should be completed by September 1, 2021.

(5) All dispositive motions shall be filed by October 1, 2021.

(6) The parties request a pretrial conference date fourteen (14) days before the date set for trial.

(7) Trial Date: The parties believe the case will be ready for trial by March 1, 2022, but requests that the trial date be set no earlier than 60 days following decision by the Court on any dispositive motions filed by the parties. The parties believe a trial will last approximately four (4) days. A jury trial has been demanded.

### C. Possibility of Settlement

The parties have not yet determined whether settlement is appropriate. The parties agree to schedule mediation during discovery at a mutually agreeable time near the completion of discovery, and have agreed to use David Lewis as mediator.

### D. Referral to U.S. Magistrate Judge:

The parties do not consent to the referral of this case to a magistrate judge pursuant to 28 USC § 636(c) at this time.

1839406 v1

This the 21st day of January, 2021.

**HARTZOG LAW GROUP**

*/s/ Dan M. Hartzog*
DAN M. HARTZOG
N.C. State Bar No. 5648
E-mail: dhartzog@hartzoglawgroup.com
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
*Attorneys for Defendant*
1903 N. Harrison Avenue, Suite 200
Cary, North Carolina 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635

**THOMAS, FERGUSON & BESKIND, L.L.P.**

*/s/ Jay H. Ferguson*
JAY H. FERGUSON
N.C. State Bar # 16624
Email: ferguson@tfblawyers.com
*Attorneys for Plaintiff*
119 East Main Street
Durham, NC 27701
Telephone: (919) 682-5648

6

1839406 v1

Case 1:20-cv-00996-LCB-LPA   Document 18   Filed 01/21/21   Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2021, I electronically filed the foregoing ***Joint 26(f) Report and Discovery Plan*** with the Clerk of Court using the CM/ECF system, which will effect service on all registered users as follows:

Emilia I. Beskind
Jay H. Ferguson
119 East Main Street
Durham, NC  27701
*Attorneys for Plaintiff*

This the 21st day of January, 2021.

>*/s/ Dan Hartzog Jr.*
>DAN M. HARTZOG JR.
>N.C. State Bar No. 35330
>E-mail: dhartzogjr@hartzoglawgroup.com
>*Attorney for Defendant*
>1903 N. Harrison Avenue, Suite 200
>Cary, North Carolina 27513
>Telephone: (919) 670-0338
>Facsimile: (919) 714-4635

7